THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERT MANGLONA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COAST 360 FEDERAL CREDIT UNION &<br>THE LAW OFFICES OF DUNCAN G.<br>MCCULLY, P.C.,<br><br>　　　　Defendants. | CIVIL CASE NO. 24-00021<br><br>**DECISION AND ORDER<br>RE MOTION FOR JUDGMENT ON THE<br>PLEADINGS AND MOTION TO DISMISS** |

This matter is before the court on the following motions: Defendant The Law Offices of Duncan G. McCully, P.C.'s Motion for Judgment on the Pleadings (Fed. R. Civ. P. 12(c)), ECF No. 16; and Defendant Coast360 Federal Credit Union's Motion to Dismiss, ECF No. 19. For the reasons stated herein, the motion for judgment on the pleadings as to Defendant The Law Offices of Duncan G. McCully, P.C. is **GRANTED**, and Defendant Coast360 Federal Credit Union's Motion to Dismiss is **GRANTED**.

I. **BACKGROUND**

Plaintiff Robert Manglona commenced an action against Coast360 Federal Credit Union ("Coast360") and The Law Offices of Duncan G. McCully, P.C., ("McCully Firm") at the Superior Court of Guam on May 1, 2024. ECF No. 1-1. The McCully Firm filed a Notice of

1

Removal with the District Court of Guam on September 23, 2024. ECFC No. 1. The removal was based on what appears to be a federal-question jurisdiction, involving claims under the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act. *See* ECF No. 1 at 2.

The Complaint was captioned as a "Complaint for Fraud and Breach of Contract". *See* Compl. at 1. Although the caption named two defendants, Coast360 and the McCully Firm, the body of the Complaint named only one defendant, Coast360. Compl. at ¶ 1.2. The Complaint was difficult to decipher, but it appears Plaintiff alleges that Coast360 breached a loan agreement because Coast360 allegedly did not provide all the information that it was required to provide under the Truth in Lending Act. *Id.* at ¶ 3.2. Further, the Complaint seemingly alleges that Coast360 violated the Uniform Commercial Code and the Real Estate Settlement Procedures Act, along with some requirements by the Security Exchange Commission and the Consumer Financial Protection Bureau. *Id.* Plaintiff included voluminous attachments to the Complaint, including communications between Plaintiff and Coast360's counsel, the McCully Firm; a list of citations to what appears to be the United States Code; a copy of a loan application and mortgage terms; and other account information, Plaintiff seeks $2.45 million and a "clear ownership of the land title with the deed, release the exonerated instrument, return all securities, and provide restitution of all past profits accrued to plaintiff[.]" *Id*. at ¶ 5.2.

The McCully Firm filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), ECF No. 16; and Coast360 filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), ECF No. 19. Plaintiff was given an ample opportunity to respond to the motions[1] but failed to do so.

## II. LEGAL STANDARD

### A. PRO SE LITIGANT

---

[1] Plaintiff was given approximately 1.5 months to file a response to the motions. *See* ECF No. 15.

The court is mindful that allegations of a *pro se* complaint are held to less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

## B. JUDGMENT ON THE PLEADING, FED. R. CIV. P. 12(c)

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). A motion for judgment on the pleadings is properly granted "when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 700 (9th Cir. 2022).

Because Rule 12(c) and Rule 12(b)(6) motions are "functionally identical," the same standard of review applies to motions brought under either rule. *Gregg v. Department of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

## C. MOTION TO DISMISS, FED. R. CIV. P. 12(b)(6)

A defendant is entitled to dismissal under Rule 12(b)(6) when a complaint fails to state a cognizable legal theory or alleges insufficient facts under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). The Ninth Circuit has explained that the purpose of a Rule 12(b)(6) motion is to test a complaint's legal sufficiency. *N. Star Int'l v. Ariz. Corp.*

*Comm'n*, 720 F.2d 578, 571 (9th Cir. 1963). Generally, the plaintiff's burden at this stage is light since Rule 8(a) requires only that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must accept as true the facts as pled by the non-movant and will construe the pleadings in the light most favorable to the nonmoving party. *See Herrera v. Zumiez, Inc.,* 953 F.3d 1063, 1068 (9th Cir. 2020).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must engage in a two-step procedure to determine the plausibility of a claim. *Id.* at 678-79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id*. at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id*. at 679.

A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." *Id*. The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id*. at 679.

"[E]vidence outside the pleadings . . . cannot normally be considered in deciding a 12(b)(6) motion." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a

motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**III. ANALYSIS**

**A. JUDGMENT ON THE PLEADINGS**

The McCully Firm argues that although it is a named defendant as captioned in the Complaint, the body of the Complaint failed to allege any specific act or omission by the McCully Firm. ECF No. 16 at 2-3. The court agrees.

The McCully Firm was named in the Complaint's caption. However, that is the extent of Plaintiff's reference to the McCully Firm in the Complaint. For example, under the section, "Parties", Plaintiff only named himself as the *pro se* plaintiff and Coast360 as the only defendant. *See* Compl. at ¶ 1. There was no mention of the McCully Firm as a codefendant, or any mention of allegations committed or omitted by the McCully Firm in the Complaint. *See generally* Compl., ECF No. 1-1. Accordingly, the court **GRANTS** the motion for judgment on the pleadings.

**B. MOTION TO DISMISS**

Coast360 argues that Plaintiff's "Complaint is so devoid of any facts to support his claims for relief that it is impossible for Defendant Coast360 to reasonably prepare a defense or file an appropriate answer." ECF No. 19 at 8. The court agrees. The Complaint is difficult to decipher and is disjointed that even the court is uncertain of the causes of action that Plaintiff wishes to litigate. Because the Complaint caption references "breach of contract" and "fraud", the court will analyze both of these below.

**1. BREACH OF CONTRACT**

Under Guam law, to prevail on a claim for breach of contract, "a plaintiff must prove (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff." *Hemlani v. Hemlani*, 2015

5

Guam 16, ¶ 19 (Guam Apr. 29, 2015).

Under the "Factual Allegations" of the Complaint, Plaintiff states that he "entered into a loan agreement with 'Government of Guam Credit Union' who sold the loan agreement to the Defendant[.]" Compl. at ₱ 3.1. Plaintiff then references an "Exhibit A". A review of the attachments marked as "Exhibit A" is a cover letter from the McCully Firm along with a copy of a loan application, promissory note, mortgage, and payment history. *See* ECF No. 1-1 at 10-34. Based on Exhibit A of the Complaint, the court finds that Plaintiff has sufficiently alleged the existence of a contract. However, Plaintiff failed to allege the rest of the elements with sufficient facts. A court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D.Cal.1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly,* 550 U.S. at 562.

The Complaint states that "Defendant breached the terms of the loan agreement when a fellow concerned member of Coast 360 [*sic*] FCU and my representative investigated my mortgage notifying me of discrepancies in the contract[.]" Compl. at ₱ 3.2. This sentence alone leaves Coast360 guessing as to which terms of the loan agreement were breached. The Complaint further states that "[t]he investigation found the document lacking essential points in accordance with (IAW) the National Credit Union Administration (NCUA) Truth in Lending Act Checklist . . .", *id.*, but does not identify which "essential points" Coast360 allegedly violated. The Complaint goes on to cite to the Uniform Commercial Code but does not provide sufficient facts to know what or how Coast360 violated the Uniform Commercial Code. Even more, the Complaint states that Coast360 "possibly" violated the "Security Exchange Commission." *Id.* To allege that Coast360 "possibly" violated something, Plaintiff is simply speculating. Also,

6

Plaintiff fails to state what law was violated under the Security Exchange Commission and what facts support that violation.

A Complaint does not have to be detailed. It only requires that there be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's Complaint does not meet this basic standard. It is devoid of facts and does not contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

### 2. FRAUD

The elements of a cause of action for fraud in Guam are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9 (Guam Aug. 7, 2003) (quoting *Transpacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23 (Guam Jan. 12, 2000)).

To successfully plead fraud, Plaintiff must plead facts with sufficient particularity to demonstrate the elements of fraud. Fed. R. Civ. P. 9(b) requires a plaintiff alleging fraud to plead "with particularity the circumstances constituting fraud or mistake." A plaintiff must "must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). This "includ[es] the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks omitted). This "give[s] defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Here, the Complaint states that "I simply wanted transparency when referring to the mortgage, yet I was met with deception and lies breaching the agreement[.]" Compl. at ¶ 3.2. The Complaint then goes on to cite "Real Estate Settlement Procedures Act (RESPA), and the Consumer Financial Protection Bureau (CFPB), 12 CFR Parts 1002, 1024 State Laws and Regulations: State Reference . . .", *id.*, without anything more. Plaintiff not only failed to allege the elements of fraud, but he also failed to allege fraud with sufficient particularity.

## IV. LEAVE TO AMEND

Under Rule 15(a), "[t]he court should freely give leave [to amend] when justice so requires." Although Rule 12(c) does not mention leave to amend, courts may grant a Rule 12(c) motion with leave to amend. *See Gregg*, 870 F.3d at 887, 889; *Harris v. County of Orange*, 682 F.3d 1126, 1134 (9th Cir. 2012). In determining whether to grant leave to amend, a court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Here, Plaintiff failed to respond to the motions despite having been given over six weeks or 1.5 months to respond. There was also no request for an extension of time if he needed more time. He simply ignored the motions and the court's order for him to respond to the motions. The court finds that allowing leave to amend when Plaintiff was given the opportunity to defend the motions would only cause undue delay and prejudice to Defendants. In addition, because Plaintiff failed to respond to the motions, it is reasonable to presume that Plaintiff takes no position on the motions or is not contesting them. *Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013) (holding a party forfeited an argument raised in the opponent's answering brief by failing to address it in reply brief); *Sabra v. Maricopa Cty. Cmt. Coll. Dist.*, 44 F.4th 867, 881-82 (9th Cir. 2022) (same). Accordingly, the court will not allow Plaintiff to amend his complaint.

## V. Conclusion

For the reasons stated above, the court **GRANTS** the McCully Firm's Motion for Judgment on the Pleadings. Further, the court **GRANTS** Coast360's motion to dismiss. The Clerk of Court shall enter judgment accordingly.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Oct 22, 2025**